IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GATEHOUSE STATION SQUARE, L.P.**<br>**Plaintiff,**<br>v.<br>**STATE AUTO PROPERTY &**<br>**CASUALTY INSURANCE COMPANY,**<br>**Defendant.** | **CASE NO.:** 2:21-cv-421 |

## NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Defendant, State Auto Property & Casualty Insurance Company (hereinafter referred to as "State Auto"), by and through its undersigned counsel, Timoney Knox, LLP, hereby files this Notice of Removal of the above-captioned matter from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania, and in support thereof, avers as follows:

1. This action relates to a property insurance claim for damage to a water pipe presented under a commercial property insurance policy issued by State Auto to Plaintiff.

2. On or around March 8, 2021, Plaintiff commenced this litigation through filing a Complaint in the Court of Common Pleas for Allegheny County, Pennsylvania, which was docketed at No. GD 21-001899. A true and correct copy of the Complaint is attached hereto as Exhibit "A."

3. State Auto first received a copy of the Complaint on or about March 11, 2021.

4. The United States District Courts hold original jurisdiction over, *inter alia*, all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and which are between citizens of different states. 28 U.S.C. § 1332(a)(1).

1674002-1

5. Any civil action brought in a state court over which the District Courts of the United States have original jurisdiction may be removed by the defendant to the District Court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a).

6. State Auto seeks to exercise its rights under the provisions of 28 U.S.C. § 1441, *et seq.*, to remove this action from the Court of Common Pleas of Allegheny County, Pennsylvania, in which said action is now pending, to the United States District Court for the Western District of Pennsylvania, which embraces Allegheny County.

7. Plaintiff's Complaint includes two causes of action; insurance bad faith under 42 Pa.C.S.A. § 8371 (Count I) and breach of contract (Count II)." Exhibit "A".

8. Count I seeks damages under Pennsylvania's bad faith statute, 42 Pa.C.S.A. § 8371. Exhibit "A", Count I *ad damnum* clause.

9. Count II seeks breach of contract damages in an amount in the amount of $74,076.40 plus interest and costs. Exhibit "A", Count II *ad damnum* clause.

10. Although State Auto denies the allegations under 42 Pa.C.S.A. § 8371, if proven, the Court may award interest on the amount of the claim in an amount equal to the prime rate plus 3%, punitive damages, court costs and attorney's fees against State Auto.

11. Potential punitive damages and attorney's fees are properly included in determining the amount in controversy for removal purposes. *Frederico v. Home Depot*, 507 F.2d 188, 199 (3d Cir. 2007); *Suber v. Chrysler Corp.*, 104 F.2d 578, 585 (3d Cir. 1997).

12. By making a demand for attorney's fees and punitive damages under 42 Pa.C.S.A. § 8371, in addition to compensatory damages for breach of contract in the amount of $74,076.40,

Plaintiff's Complaint has failed to expressly limit the amount in dispute to less than the jurisdictional minimum set forth in 28 U.S.C. § 1332(a)(1).

13. Plaintiff cannot prove to a legal certainty that the amount in controversy could not exceed the jurisdictional minimum set forth in 28 U.S.C. § 1332(a)(1).

14. Based on the allegations in the Complaint seeking breach of contract damages of $74,076.40, along with claims for attorney's fees and punitive damages[1] under 42 Pa.C.S.A. § 8371, Plaintiff's alleged damages exceed $75,000.

15. Plaintiff's alleged monetary damages exceed the jurisdictional minimum set forth in 28 U.S.C. § 1332(a)(1).

16. At the time the Complaint was filed and continuing to the present, State Auto has been an insurance company organized and existing under the laws of the State of Ohio, with its principal place of business located at 518 East Broad Street, Columbus, Ohio 43215.

17. Pursuant to 28 U.S.C. § 1332(c)(1), State Auto is a citizen of Ohio.

18. Plaintiff is a Pennsylvania limited partnership with its principal place of business at 179 Martha Avenue, Pittsburgh, Pennsylvania 15209.

19. The general partner of Plaintiff is RESACA Real Estate, LLC, a Pennsylvania limited liability company with a principal place of business at 179 Martha Avenue, Pittsburgh, Pennsylvania 15209.

20. The sole member of Plaintiff's general partner, RESACA Real Estate, LLC, is James Welker who is a citizen of Pennsylvania.

---

[1] The U.S. Supreme Court has stated that punitive damages are usually limited to a single digit ratio between compensatory and punitive damages. *State Farm Mutual Auto Insurance Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003). Even a one to one ratio between compensatory and punitive damages here would place the amount in controversy well above the jurisdictional threshold.

21. The sole limited partner of Plaintiff is James Welker.

22. All of the limited partners of Plaintiff are citizens of Pennsylvania.

23. Plaintiff, including all general and limited partners of Plaintiff, and all members of Plaintiff's general partner, RESACA Real Estate, LLC, are citizens of Pennsylvania and none are citizens of Ohio.

24. Accordingly, there is complete diversity of citizenship between Plaintiff and State Auto under 28 U.S.C. § 1332(a)(1).

25. This action is removable from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441(a) because the citizenship of the parties is diverse and the amount in controversy, exclusive of interest and costs, is in excess of $75,000.

26. This Notice of Removal has been filed within thirty (30) days after receipt by State Auto of the Complaint, pursuant to 28 U.S.C. § 1446(b).

27. Pursuant to 28 U.S.C. § 1446(a), copies of all other pleadings, filings and orders served on or by Defendant in the above-captioned litigation are attached hereto as Exhibit "B".

28. Written notice of the filing of this Notice of Removal will be sent forthwith to counsel of record for Plaintiff, Matthew L. Kurzweg, Esquire.

29. A true and correct copy of this Notice of Removal will be filed with the Prothonotary for the Court of Common Pleas of Allegheny County, Pennsylvania.

30. The undersigned represents State Auto, the Defendant in this action, which consents to this removal. There are no other defendants whose consent must be obtained relative to the same.

1674002-1

**WHEREFORE**, for the reasons set forth above, Defendant, State Auto Property & Casualty Insurance Company, hereby removes this action from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania.

**TIMONEY KNOX, LLP**

Dated: <u>March 31, 2020</u>     **BY:**     <u>s/William Krekstein</u>
                                                     WILLIAM KREKSTEIN, ESQUIRE
                                                     Bar Id.: PA 69149
                                                     400 MARYLAND DRIVE
                                                     FORT WASHINGTON, PA 19043
                                                     215-646-6000
                                                     215-646-0379 (fax)
                                                     wkrekstein@timoneyknox.com

                                                     ATTORNEYS FOR DEFENDANT
                                                     STATE AUTO PROPERTY &
                                                     CASUALTY INSURANCE
                                                     COMPANY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GATEHOUSE STATION SQUARE, L.P.**<br>     **Plaintiff,**<br><br>   v.<br><br>**STATE AUTO PROPERTY &**<br>**CASUALTY INSURANCE COMPANY,**<br>              **Defendant.** | **CASE NO.:** |

**CERTIFICATE OF SERVICE**

I, William Krekstein, Esquire, hereby certify that a true and correct copy of the foregoing was served via First Class Mail and Email upon the following:

Matthew L. Kurzweg, Esquire
Kurzweg Law Offices
525 William Penn Place 28th Floor
Pittsburgh PA 15219
mkurzweg@kurzweglaw.com

**TIMONEY KNOX, LLP**

Dated: March 31, 2021          **BY:**    s/William Krekstein
                                       WILLIAM KREKSTEIN, ESQUIRE

1674002-1