**Exhibit "A"**

## Supreme Court of Pennsylvania
### Court of Common Pleas
### Civil Cover Sheet

Allegheny County

*For Prothonotary Use Only:*

Docket No: GD 21-001899

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

### SECTION A

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| Gatehouse Station Square, L.P. | State Auto Property & Casualty Ins. Co. |

**Are money damages requested?** ☒ Yes   ☐ No

**Dollar Amount Requested:** (check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes ☒ No

Name of Plaintiff/Appellant's Attorney: Matthew L. Kurzweg

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

### SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** (do not include Mass Tort)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (does not include mass tort)
- ☐ Slander/Libel/Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** (do not include Judgments)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- ☒ Other: Insurance Policy / Statutory Bad Faith

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

*Updated 1/1/2011*

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

_____Allegheny_____ County

*For Prothonotary Use Only:*

Docket No:

TIME STAMP

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

Lead Plaintiff's Name: Gatehouse Station Square, L.P.

Lead Defendant's Name: State Auto Property & Casualty Ins. Co.

**Are money damages requested?** [x] Yes  [ ] No

Dollar Amount Requested: (check one)
- [ ] within arbitration limits
- [x] outside arbitration limits

**Is this a *Class Action Suit*?** [ ] Yes  [x] No

**Is this an *MDJ Appeal*?** [ ] Yes  [x] No

Name of Plaintiff/Appellant's Attorney: Matthew L. Kurzweg

[ ] **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your ***PRIMARY CASE***. If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other: _____

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other: _____

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other _____
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other _____
- [x] Other: Insurance Policy / Statutory Bad Faith

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other: _____

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other _____
- [ ] Zoning Board
- [ ] Other: _____

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other: _____

*Updated 1/1/2011*

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| GATEHOUSE STATION SQUARE, L.P., | CIVIL DIVISION |
| Plaintiff, | |
| v. | No. |
| STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY, | |
| | **COMPLAINT** |
| Defendants. | |

Filed on Behalf of Plaintiff Gatehouse Station Square, L.P.

Counsel of Record for this Party:

Matthew L. Kurzweg, Esquire
PA.ID. #76462

Kurzweg Law Offices
525 William Penn Place
28th Floor
Pittsburgh, PA 15219
Phone: (412) 258-2223
Fax:    (412) 774-3001
Mkurzweg@kurzweglaw.com

## **NOTICE TO DEFEND**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

Lawyer Referral Service
The Allegheny County Bar Association
11th Floor Koppers Building
435 Seventh Avenue
Pittsburgh, Pennsylvania 15219
Telephone: (412) 261-5555

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

| | |
|---|---|
| GATEHOUSE STATION SQUARE, L.P., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. |
| v. | ) |
| | ) |
| STATE AUTO PROPERTY & CASUALTY | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

AND NOW comes Plaintiff Gatehouse Station Square, L.P., by and through its attorney, Matthew L. Kurzweg, Esq. and Kurzweg Law Offices, and claims damages of Defendant State Auto Property and Casualty Insurance Company. In support thereof, Plaintiff avers as follows:

PARTIES

1. Plaintiff Gatehouse Station Square, L.P. is a Pennsylvania limited partnership having a registered address of 179 Martha Avenue, Pittsburgh, Allegheny County, Pennsylvania, 15209.

2. Defendant State Auto Property and Casualty Insurance Company is an insurance company maintaining its corporate headquarters and principal place of business located at 518 East Broad Street, Columbus, Ohio, 43215.

FACTS

3. Defendant issued to Plaintiff that certain insurance policy identified by Defendant as Policy No. BOP 2526669 ("Policy")(Plaintiff is not in possession of the Policy and therefor unable to attach the Policy to this Complaint, but, upon information and belief, Defendant is in possession of the Policy, and the Policy is incorporated herein by reference).

1

4. Plaintiff paid all premiums for the Policy in full, and the Policy was in full force and effect continuously at all times relevant hereto.

5. Among other things, the Policy insured the premises owned by Plaintiff and located at 101 W Station Square Drive, Pittsburgh, Allegheny County, Pennsylvania, 15219 ("Insured Premises").

6. During the spring or summer of 2019, the Pittsburgh Water and Sewer Authority ("PWSA") water main pipe outside the Insured Premises was fractured during construction performed by a third party in the area surrounding the Insured Premises.

7. The third party construction involved, among other things, excavation of West Carson Street near the Insured Premises.

8. The PWSA water main supply pipe was fractured in close proximity to the Insured Premises by excavating equipment used in the nearby construction.

9. In November or December of 2019, Plaintiff discovered water leaking into the Insured Premises.

10. After reporting the leak to the PWSA, Plaintiff determined that the source of the water leak was a fracture in Plaintiff's water line servicing the Insured Premises off of the PWSA water main.

11. The fracture of Plaintiff's water service line was directly and proximately caused by the same construction and excavating equipment that caused the fracture of the PWSA water main in 2019.

12. PWSA notified Plaintiff that the Plaintiff's fractured service water line was Plaintiff's responsibility to repair, and that Plaintiff would have to arrange and pay for the repair.

13. After obtaining a proposal to repair the Plaintiff's water line, Plaintiff notified Defendant's agent in January of 2020 regarding the Plaintiff's water service line fracture and requested that a claim against the Policy be made.

14. At that time, Plaintiff reviewed the matter with Defendant's agent, and Defendant's agent suggested to Plaintiff that a claim should not be submitted at that time, but rather that additional repair proposals should be obtained, and that there was no deadline in submitting the claim, and the claim may be best submitted after the repairs are complete and all costs are known.

15. From January 2020 through June 2020, Plaintiff acquired additional repair proposals, continued to notify Defendant regarding the claim, and completed the repair work on the Plaintiff's service line.

16. Defendant acknowledged receipt of Plaintiff's claim, assigned a date of loss to the claim of October 31, 2019, and assigned file number PR-0000000-312925 to the claim.

17. Defendant initially denied coverage for Plaintiff's claim by way of correspondence dated August 4, 2020.

18. Plaintiff then submitted an August 11, 2020 letter from its repair contractor, Americo Construction Company, verifying in writing that the cause of the fracture to Plaintiff's water service line was the same construction and excavating equipment that caused the fracture of the PWSA water main in 2019.

19. Thereafter, Defendant denied coverage for the Plaintiff's claim for different reasons by way of correspondence dated September 2, 2020.

20. The Plaintiff's water service line was fractured by an acute event in 2019, that being the same construction and excavating equipment that caused the fracture of the PWSA water main in 2019.

21. The fracture in Plaintiff' water service line was not caused by Policy-defined earth movement, deterioration, wear and tear, decay, rust and corrosion, underground water seepage, or defective faulty, inadequate or defective workmanship as Defendant has suggested as reasons for its denial without any support.

22. There is clear coverage under the Policy for Plaintiff's claim for the repair of the fractured service line.

23. Plaintiff promptly reported the claim to Defendant in January of 2020.

24. Any delay in reporting the claim was directly and proximately caused by Defendant's agent's suggestions and recommendations to Plaintiff after Plaintiff notified Defendant of the claim in January of 2020.

25. At all times relevant hereto, Plaintiff has fully cooperated with Defendant in the processing of its claim.

26. Defendant has failed to properly process and investigate this claim.

27. Despite Plaintiff's prompt reporting, full cooperation in the claim, and clear coverage under the Policy for the repair of Plaintiff's water service line, Defendant has denied and continued to deny coverage for this claim without support.

28. Defendant's actions and omissions during the investigation and processing of Plaintiff's claim are designed to delay the processing and payment of the claim, or alternatively, reduce the fair amount of the claim or avoid payment of the claim altogether.

29.     Plaintiff has provided Defendant all of the information it needs to investigate, process, and pay Plaintiff's claim in full.

## COUNT I – STATUTORY BAD FAITH

30.     Paragraphs 1 through 29 are incorporated by reference as though fully set forth at length.

31.     By denying and continuing to deny coverage for Plaintiff's claim, Defendant has acted in bad faith as set forth in 42 Pa.C.S.A. § 8371, generally, and specifically as follows:

   a)   By failing to properly investigate, accept, evaluate, review, process, and pay the claim and claim file upon submission of the claim; and,

   b)   By unduly and wrongfully refusing to accept coverage for Plaintiff's claim, when Defendant knew, or should have known, that coverage for this claim was owed to Plaintiff; and,

   c)   By failing to follow its own internal claim guidelines and policies regarding the handling of claims; and,

   d)   By failing to effectuate a prompt and equitable resolution of the claim; and,

   e)   By requiring Plaintiff to incur attorney's fees and costs of collection and file a lawsuit to collect Policy claim proceeds which rightfully belong to Plaintiff.

32.     Defendant's actions and failures in failing to approve or deny this claim as enumerated herein were willful, wanton, and with malice to Plaintiff, and with reckless indifference to Plaintiff's rights.

33.     Defendant does not have a reasonable or rational explanation for the continued failure to provide coverage and approve and pay Plaintiff's claim.

34. As a result of Defendant's actions and failures in failing to provide coverage and approve pay Plaintiff's claim as enumerated herein, Plaintiff has suffered damages as follows:

   a) Plaintiff has been forced to pay the cost to repair Plaintiff's water service line in the amount of $69,557.00, as well as the PWSA water main shut off permit fee so that the repairs could be completed in the amount of $4,519.40, for a total repair cost of $74,076.40;

   b) Plaintiff has been deprived of the Policy claim proceeds and suffered economic harm;

   c) Plaintiff has been required to engage legal counsel and incur and pay attorney's fees to collect Policy claim proceeds which rightfully belong to Plaintiff; and,

   d) Plaintiff has incurred other costs in its efforts to collect Policy claims proceeds which rightfully belong to Plaintiff.

WHEREFORE, Plaintiff Gatehouse Station Square, L.P. demands judgment in its favor and against Defendant State Auto Property and Casualty Insurance Company in the amount of Seventy-Four Thousand Seventy-Six and 40/100 Dollars ($74,076.40), plus an award of statutory interest, attorney's fees and costs, and punitive damages.  <u>JURY TRIAL DEMANDED</u>.

<u>COUNT II – BREACH OF CONTRACT</u>

35. Paragraphs 1 through 34 of Plaintiff's Complaint are hereby incorporated by reference as though set forth at length herein.

36. Plaintiff has performed and satisfied in full all of its claim obligations under the Policy.

37. By failing to provide coverage, approve, and make payment in full for Plaintiff's claim, Defendant is in breach of its contractual obligations under the Policy.

38. As a result of Defendant's breach of the Policy, Plaintiff has suffered damages as follows:

    a) Plaintiff has been forced to pay the cost to repair Plaintiff's water service line in the amount of $69,557.00, as well as the PWSA water main shut off permit fee so that the repairs could be completed in the amount of $4,519.40, for a total repair cost of $74,076.40;

    b) Plaintiff has been deprived of the Policy claim proceeds and suffered economic harm;

    c) Plaintiff has been required to engage legal counsel and incur and pay attorney's fees to collect Policy claim proceeds which rightfully belong to Plaintiff; and,

    d) Plaintiff has incurred other costs in its efforts to collect Policy claims proceeds which rightfully belong to Plaintiff.

WHEREFORE, Plaintiff Gatehouse Station Square, L.P. demands judgment in its favor and Defendant State Auto Property and Casualty Insurance Company in the amount of Seventy-Four Thousand Seventy-Six and 40/100 Dollars ($74,076.40), plus interest and costs.  <u>JURY TRIAL DEMANDED</u>.

                                               Respectfully Submitted,

                                               */s/ Matthew L. Kurzweg*
                                               Matthew L. Kurzweg, Esquire
                                               PA.ID. #76462

                                               Kurzweg Law Offices
                                               525 William Penn Place
                                               28th Floor
                                               Pittsburgh, PA 15219
                                               Phone: (412) 258-2223
                                               Fax:    (412) 774-3001
                                               Mkurzweg@kurzweglaw.com

# **VERIFICATION**

The language of the foregoing Complaint is that of counsel and not necessarily my own; however, I have read the foregoing document and the factual information contained therein is true and correct to the best of my personal knowledge, except as to any averments specifically stated to be "on information and belief." To the extent that the factual averments of this document are stated to be "on information and belief," the averments are true and correct to the best of my information and belief. To the extent that the content of the foregoing document is that of counsel, I have relied upon counsel in making this Verification and said content is true and correct to the best of my information and belief.

I understand that false statements herein are subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

GATEHOUSE STATION SQUARE, L.P.

03/06/2021  
Date

By: *James Welker*  
James Welker

Its: Managing Partner